MYTTON MAURY, RESPONDENT, v. ALFRED B. POST, APPELLANT.

*Specific performance — of an agreement to convey land, the consideration to be paid for which is submitted to arbitration.*

The respective owners of abutting land agreed, in writing, that one should convey to the other a right of way, as laid out and existing at the time, for which there should be paid a valuable consideration, as to the amount of which the parties were unable to agree. Such difference was submitted to arbitrators, and the arbitrators subsequently made and signed an award, which the party agreeing to convey the right of way refused to abide by.

*Held*, that a judgment for specific performance would be granted by the court.

The method adopted in such cases of fixing the consideration is equivalent to a liquidation of the same, and is equally obligatory upon the parties to the contract.

APPEAL by the defendant, upon questions of law, and upon the facts, from a judgment entered in the office of the clerk of the county of Orange on the 2d day of August 1889, by which it was adjudged that a certain contract or agreement entered into between the parties to this action was a valid and binding contract; that the same should be specifically performed, and that within fifteen days from the entry of said judgment, and service of a copy thereof and notice of entry thereof upon the defendant, the defendant execute to the plaintiff a good and sufficient warranty deed of the right of way in question in this action, in consideration of the payment of $150 to be paid to the defendant or his attorney.

*Harrison W. Nanny*, for the appellant.

*W. D. Mills*, for the respondent.

DYKMAN, J.:

It was the object of this action to enforce the specific performance of a written contract between the parties, drawn and executed for a double purpose.

The plaintiff was the owner of a tract of about two hundred and seventeen acres of land, which was surrounded on three sides, and a portion of the fourth side, by swamp. The defendant was the owner of lands lying between the land of the plaintiff and the highway, and there was a lane and way, fixed and defined, across the land of the defendant from the Goshen and Deckertown turnpike to the land of the plaintiff. The lane was fenced a part of the way and unfenced for the remainder. Negotiations were opened between these parties for a conveyance to the plaintiff by the defendant of that right of way, but they found themselves unable to agree upon the sum to be paid as the consideration for such conveyance. Finally, on the 16th day of January, 1888, they entered into the written agreement which is now sought to be enforced in this action.

The agreement recited that the defendant had agreed to, and was willing to, convey by a good and sufficient warranty deed, a certain right of way, as then laid out and existing, from the land of the plaintiff to the Goshen and Deckertown turnpike, to the plaintiff, and that the plaintiff had agreed to take the said right of way and

to pay the defendant a valuable consideration therefor, and that the parties were unable to agree upon the consideration to be paid and received for such conveyance. Then the parties agreed to submit such difference between them, respecting the consideration to be paid for such right of way by the plaintiff to the defendant to the arbitrament of three persons named in the agreement, and mutually agreed that the award to be made by such arbitrators should, in all things, be well and faithfully kept and observed by them and each of them. There were provisions in the agreement which are immaterial here, as they have all been satisfied.

The arbitrators made and signed an award, and the defendant refused to abide by it, and refused to execute the conveyance under the agreement. The cause was tried before a judge without a jury, and he found all the facts in favor of the plaintiff, and awarded a judgment for specific performance, which has been entered and from which the defendant has appealed.

The enforcement of the performance of contracts is a well recognized branch of equity jurisprudence; but whether the power of the court will be exerted in any given case rests in the sound judicial discretion of the court, and cannot be invoked as matter of right by either party to the agreement. The great and paramount object of the courts is the attainment of justice, and they will not interfere to compel a specific performance of a contract, except in cases where it is equitable so to do. But where a contract respecting real estate is fair in all its parts and unambiguous in its terms, and where it is certain and for a fair and adequate consideration, and is free from fraud or mistake, and is capable of enforcement, it is as much a matter of course to command its execution and enforce its performance specifically as it is for courts of law to give damages for its violation.

The case is plain. The parties by the recital in their written contract recognize and recite a right of way, laid out and existing, and an agreement to convey the same. It led to the plaintiff's land and was the only mode of access thereto at that time. The defendant was willing to sell and convey such right of way and the plaintiff was willing to buy the same. They differed only upon the price, and the mode they adopted to fix and settle the consideration was equivalent to a liquidation of the same by themselves, and was

equally obligatory upon them. There was no fraud and no mistake or misapprehension, and it is eminently equitable to afford the plaintiff a means of ingress and egress to his land, which he secured by his agreement with the defendant.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment affirmed, with costs.